UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Daniel Dozier,<br><br>Petitioner,<br><br>v.<br><br>United States of America,<br><br>Respondent. | Case No. 14-cv-4248 (JNE/HB)<br><br>**REPORT AND RECOMMENDATION** |

Daniel Dozier, Federal Medical Center, PMB 4000, Rochester, MN 59903, *pro se*

Ana H. Voss and D. Gerald Wilhelm, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Respondent

HILDY BOWBEER, United States Magistrate Judge

This matter is before the Court on Petitioner Daniel Dozier's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1]. Respondent opposes the petition [Doc. No. 3]. The case has been referred to this Court for a report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, the Court recommends that the petition be denied and this action be dismissed with prejudice.

**I.    Background**

At approximately 6:47 a.m. on January 18, 2013, at the Federal Correctional Institution in Morgantown, West Virginia, Cook Supervisor Douglas Bolyard observed Petitioner Daniel Dozier ("Petitioner") and another inmate pushing each other.

(Losiewicz Decl. ¶ 4 [Doc. No. 5].)  Mr. Bolyard saw the other inmate pushing Petitioner first.  (*Id.*)  Petitioner pushed the other inmate back, and then the other inmate pushed Dozier against a wall with his hands placed around Dozier's throat in a choke hold.  (*Id.*)  Mr. Bolyard ordered both inmates to separate, and both inmates complied with Mr. Bolyard's order.  (*Id.*)

After the incident, Mr. Bolyard wrote Incident Report 2398792 (Losiewicz Decl. Attach. A at 2 (hereinafter "Report")) and delivered the Report to Petitioner on January 18, 2013, at 2:05 p.m.  (Losiewicz Decl. ¶¶ 5-6.)  Petitioner was advised of his rights and stated that he understood his rights.  (*Id.* ¶ 6.)  Based on the Report, the investigating staff member concluded that Petitioner had been properly charged and that Petitioner was to remain in the Special Housing Unit.  (*Id.* ¶ 7.)  The Report was referred to the Unit Discipline Committee for further processing.  (*Id.*)

On January 23, 2013, Petitioner appeared before the Unit Discipline Committee and was given three forms: (1) an Inmate Rights at Discipline Hearing form, which advised him of the opportunity to have a staff representative, to call witnesses, and to present evidence; (2) a Notice of Discipline Hearing Before the DHO form; and (3) a DHO Video Conference Notice.  (*Id.* ¶¶ 9-10.)  He was advised of his rights.  (*Id.* ¶ 9.) Petitioner denied fighting and said he did not punch anyone.  (*Id.*)  The Unit Discipline Committee referred the matter for a hearing and recommended that if the disciplinary hearing officer ("DHO") found that Petitioner committed the prohibited act of fighting, then the DHO should impose the sanction of a loss of 27 days good time credit and disciplinary segregation.  (*Id.*)

2

The disciplinary hearing was conducted on February 7, 2013, at 2:15 p.m., by videoconference. (*Id.* ¶ 11.) The DHO was J. Howard Losiewicz. (*Id.*) Petitioner was provided with advance notice of the charge and was advised of his rights. (*Id.*) He acknowledged receiving a copy of the Report, stated he understood his rights, and did not call any witnesses or a staff representative. (*Id.*) Petitioner admitted that he argued with and pushed the other inmate, but denied punching him. (*Id.*) Petitioner stated he was not the aggressor in the incident. (*Id.*)

DHO Losiewicz considered Petitioner's explanation and the Report. (*Id.* ¶ 12.) He determined that Petitioner had committed the prohibited act of "Fighting With Another Person." (*Id.* ¶¶ 12, 14.) In so deciding, DHO Losiewicz gave great weight to the Report and to Petitioner's admission that he had argued with and pushed the other inmate. (*Id.* ¶ 12.) He sanctioned Petitioner to 10 days of disciplinary segregation and disallowance of 27 days of good time credit. (*Id.* ¶ 13.) As the basis for the specific sanctions imposed, DHO Losiewicz explained that actions like Petitioner's threaten the security and order of the prison, endangering the safety and quality of life of other inmates and prison staff. (*Id.* ¶ 14). In addition, the disallowance of good conduct time was authorized by the Bureau of Prisons' disciplinary policy and conveyed the seriousness and inappropriateness of the conduct, deterred Petitioner and others from similar misconduct, and punished Petitioner for committing a prohibited act. (*Id.*)

DHO Losiewicz advised Petitioner of his right to appeal the sanctions. (*Id.* ¶ 15.) Petitioner later received a copy of the DHO's written report, and Petitioner also received

3

and signed a document that enumerated all of his rights, including his right to an appeal. (*Id.*; Losiewicz Decl. Attach. B at 5.)

## II.   Discussion

### A.   Standard of Review

"The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Section 2241 is appropriate where a federal petitioner challenges the execution of a sentence or the length or duration of his confinement," such as a challenge to the loss of good time credits. *Jones v. Jett*, No. 10-cv-4201 (MJD/AJB), 2011 WL 5507222, at *2 (D. Minn. Aug. 12, 2011) (citations omitted).

Not all rights in a criminal case are available in a prison disciplinary proceeding, but prisoners retain due process rights under the Constitution. *See Espinoza v. Peterson*, 283 F.3d 949, 951-52 (8th Cir. 2002) (citing *Wolff v. McDonald*, 418 U.S. 539, 555-58 (1974)). Due process required for a prisoner in a prison discipline case includes:

> (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *see also Espinoza*, 283 F.3d at 952. Due process also requires at least "some evidence" to support the prison disciplinary action. *Hill*, 472 U.S. at 454. In determining whether this standard is met, courts consider "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56.

B.  **Due Process**

The first requirement is that Petitioner be given advance written notice of the disciplinary charges. *See id.* at 454. Petitioner received such notice when the Report was provided to him on January 18, 2013, several days before his DHO hearing on February 7, 2013. The first due process requirement was therefore met.

The second requirement is that Petitioner be afforded the opportunity to call witnesses and present documentary evidence in his defense. *See Hill*, 472 U.S. at 454. Petitioner received notice of his right to call witnesses and present evidence on January 23, 2013. At the DHO hearing on February 7, 2013, Petitioner was advised of his rights, acknowledged that he understood his rights, and did not call any witnesses or a staff representative. Petitioner signed a written acknowledgment of these rights. Thus, the second requirement for due process is satisfied.

The third requirement for due process is that Petitioner receive a written statement from the factfinder, identifying the evidence relied upon and the reasons for the disciplinary action. *See Hill*, 472 U.S. at 454. In Petitioner's case, the DHO's written decision set forth the evidence he considered and the weight he assigned to the evidence. Specifically, the DHO considered the reporting officer's description of the incident; Petitioner's denial that he punched the other inmate; Petitioner's claim that the other inmate was the aggressor; and Petitioner's admission that he argued with and pushed the other inmate. The DHO also explained his reasons for the specific sanctions imposed. Therefore, the third requirement, too, is met.

### C.   "Some Evidence"

Petitioner argues that he was not Fighting With Another Person because he did not punch anyone and because he was not the aggressor.  (Pet. at 5.)  The Supreme Court has held, however, that a prison disciplinary board's factual findings are not subject to second-guessing on habeas review.  *See Hill*, 472 U.S. at 455.  The question is whether at least "some evidence" supports the DHO's disciplinary action.  The "some evidence" standard "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence."  *Flowers v. Anderson*, 661 F.3d 977, 980 (8th Cir. 2011) (citing *Hill*, 472 U.S. at 455).  Rather, the relevant question is whether "any evidence in the record" could support the disciplinary authority's findings.  *Hill*, 472 U.S. at 455-56.  Courts cannot overturn the findings of a prison disciplinary official even if the evidence "might be characterized as meager" or circumstantial.  *Id.* at 457.

Here, there is "some evidence" to support the DHO's findings: Mr. Bolyard's description of the incident in the Report, and Petitioner's admission of arguing with and pushing the other inmate.  Indeed, the DHO went so far as to state that "there was not merely some evidence or any evidence, but a preponderance of the evidence [Petitioner] committed the above prohibited act."  (Losiewicz Decl. ¶ 13) (emphases omitted).

### III.   Recommendation

Based on the foregoing and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

  1. Daniel Dozier's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241

6

[Doc. No. 1] be **DENIED**; and

2. This action be **DISMISSED WITH PREJUDICE**.

Dated: November 30, 2015         s/ *Hildy Bowbeer*
                                 HILDY BOWBEER
                                 United States Magistrate Judge

## NOTICE

Filing Objections: This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

Under Advisement Date: This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.